UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL JACOBO REYES-LOPEZ,

Petitioner,

v.

BRUCE SCOTT, MARKWAYNE MULLIN,

Respondents.

CASE NO. 2:26-cv-03972-BAT

**ORDER GRANTING HABEAS PETITION AND DIRECTING IMMEDIATE RELEASE**

Petitioner Angel Jacobo Reyes-Lopez petitions the Court to order Respondents to release him from immigration detention on the grounds the immigration judge abused his discretion in denying bond. Dkt. 1. The Court **GRANTS** the habeas corpus petition and **ORDERS** Respondents to **RELEASE** Petitioner from custody.

## BACKGROUND

Petitioner is a native and citizen of Guatemala. Dkt. 1 (petition) at 2. He entered the United States on July 5, 2019 on a B-1 visitor business visa which expired on January 4, 2020. *Id.*; Dkt. 6 (return) at 3. He overstayed his visa and remained in the country since arrival. Dkt. 1 at 2. Petitioner has no criminal history, arrests, or convictions. He is married and has a six-year-old daughter, as well as parents and five siblings in the United States. *Id.* at 3.

On May 8, 2026, Immigration and Customs Enforcement (ICE) officers arrested Petitioner in Federal Way, Washington, in a vehicle stop, and took him to the Northwest ICE Processing Center in Tacoma, Washington, where he remains detained under 8 U.S.C. § 1226(a). Dkt. 1 at 2.

On June 15, 2026, Petitioner filed a petition for writ of habeas corpus claiming his continued detention violated his Fifth Amendment right to procedural due process. Dkt. 1 at 3. The Honorable Michelle L. Peterson waived administrative exhaustion but denied the petition. *Reyes-Lopez v. Mullin*, No. C26-2089-MLP, 2026 WL 2168047 (W.D. Wash. July 28, 2026).

While this habeas action was pending, Petitioner requested and received a bond hearing on July 14, 2026. In support of release on bond, Petitioner filed an evidence packet consisting of Petitioner's identity documents, application for relief, information about a "sponsor," and letters of support from community members. Dkt. 6 at 4; *see* Dkt. 9 (sealed Exhibit A to declaration of Katherine G. Collins). ICE filed an evidence packet consisting of a Form I-213. Dkt. 9 at 112–18. The immigration judge denied bond, finding Petitioner had failed to establish he was not a flight risk. *Id.* at 1. There is no record of this hearing being recorded or transcribed. Petitioner reserved appeal of this decision but did not appeal.

Petitioner also applied for asylum but was denied relief. On August 6, 2026, an immigration judge ordered Petitioner removed to Guatemala. Petitioner has appealed that decision to the Board of Immigration Appeals (BIA) on August 21, 2026, and his appeal remains pending. Dkt. 1 at 3.

Petitioner filed this petition on October 18, 2026, challenging his custody as unconstitutional and arguing his July 14, 2026 denial of bond was an abuse of discretion. Dkt. 1. Respondents filed a response on November 2, 2026, Dkt. 6, appending the administrative record

of the bond hearing, Dkt. 9.

## LEGAL STANDARD

Federal courts have jurisdiction under 28 U.S.C. § 2241 to review the legality of immigration detention. A writ of habeas corpus may be granted where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## DISCUSSION

### I. Prudential Exhaustion Is Not Required

Respondents argue Petitioner must exhaust his administrative remedies. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts may require prudential exhaustion when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if the *Puga* factors would require exhaustion, a petitioner may avoid the requirement by demonstrating "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *SEC v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981).

Petitioner has not appealed the denial of bond, which Respondents argue resulted in an underdeveloped record before this Court because immigration judges typically prepare written decisions only if either party appeals. Dkt. 6 at 6 (citing Immigration Court policy). The Court

notes this is not the first time Petitioner failed to utilize the administrative scheme. Petitioner failed to request a bond hearing before filing his first habeas petition and made the request only while the petition was pending. *Reyes-Lopez*, 2026 WL 2168047, at *3. Though not always the case, in this context, Petitioner's actions delayed his own relief and constitute the kind of "deliberate bypass of the administrative scheme" the exhaustion requirement exists to prevent. *Puga*, 488 F.3d at 815.

However, as to the first and third *Puga* factors, while the BIA may have general subject-matter expertise in immigration custody and bond matters, it has no special expertise in resolving the constitutional and legal questions presented here. *See W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026). Further although the BIA can review bond determinations, the Court finds no reason to delay review in a case where Petitioner claims a constitutional error has resulted in continued detention.

Moreover, although the *Puga* factors are mixed, Petitioner has shown irreparable injury would result from requiring exhaustion. Petitioner has been detained since May 8, 2026, over six months. Given the lengthy delays inherent in the current appeals process, he will undoubtedly suffer irreparable injury if he is required to sit in custody awaiting a BIA decision before being permitted to file a habeas claim. *Scott v. Wamsley*, No. 2:25-cv-1819-TMC, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'") (quoting *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019)). Requiring exhaustion would create the realistic possibility Petitioner will cumulatively face over a year in detention before BIA review, which amounts to no "meaningful

opportunity to show his entitlement to bond." *W.T.M.*, 2026 WL 262583, at *3 (quoting *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025)).

Petitioner has a wife and six-year-old daughter and belongs to a church community; the evidence packet submitted to the immigration judge documents the hardship to his family and disruption of responsibilities created by his detention. Dkt. 10 at 8; *see* Dkt. 9 at 41–45. He has raised concerns about his medical treatment in detention. Dkt. 9 at 2–3. The individualized showing distinguishes this case from those in which exhaustion was required because the petitioner invoked only the time necessary to resolve a bond appeal. Dkt. 6 at 9 (citing *Martinez v. Scott*, No. 2:25-CV-01538-TSZ-GJL, 2025 WL 2689844, at *6 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025)); *cf. Soto Gimenez v. Hernandez*, No. 2:26-CV-00966-GJL, 2026 WL 1156075 (W.D. Wash. Apr. 29, 2026).

Additionally, pursuit of administrative remedies would be futile. Petitioner "ultimately raises a constitutional challenge in [his] habeas petition, an area over which the Immigration Court and the BIA lack any authority to adjudicate, thereby rendering appeal to those bodies futile." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025) (citing *In re Cruz de Ortiz*, 25 I&N Dec. 601, 605 (BIA 2011) ("[N]either we nor the Immigration Judges have authority to rule on the constitutionality of the statutes we administer.")).

Accordingly, the Court declines to require prudential administrative exhaustion.

## II. The Immigration Judge Abused His Discretion

Petitioner argues the Due Process Clause was violated because the immigration judge abused his discretion in finding he is a flight risk. The record of the decision consists of a check-box form; there is no written decision, no recording, and no recollection of counsel. Petitioner

argues the determination was arbitrary and an abuse of discretion. Respondents do not address the arguments on abuse of discretion in their return.

This Court reviews a bond determination for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). The Court does not reweigh the evidence but determines if the immigration judge applied the correct legal standard. *See id.* at 785. In making bond determinations, immigration judges consider the "*Guerra* factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *10–11 (W.D. Wash. Apr. 9, 2026) (citing *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) and *Martinez*, 124 F.4th at 783).

When no written opinion of an immigration judge is available, "the question is whether the evidence that the [judge] relied on at the bond hearing could—as a matter of law—establish that [Petitioner] posed a flight risk." *W.T.M.*, 2026 WL 262583, at *4 (quoting *Garcia*, 817 F. Supp. 3d at 125).

The extensive evidence packet Petitioner provided to the immigration judge unequivocally contradicts the finding of flight risk. *See* Dkt. 9. The record is devoid of any indication the immigration judge considered the *Guerra* factors, most of which favor Petitioner. Petitioner has lived in the United States for approximately seven years, has a fixed address where he can reside upon release, has a wife and a six-year-old daughter, and has both parents and five

siblings residing in the United States. He has no criminal history. He is not alleged to have missed court appearances. He overstayed his visa by over six years, which is an immigration violation. He is not alleged to have fled prosecution, and his original entry to the United States was lawful.

The only adverse evidence ICE submitted at the bond hearing was Form I-213, which alleges Petitioner refused to roll down his window during arrest and refused to cooperate with lawful orders to obtain his fingerprints upon arrest. Dkt. 9 at 112–18. Petitioner's evidence packet claims in custody he was handcuffed, placed in a headlock, choked, and punched in the face multiple times, causing injuries requiring medical attention. Dkt. 10 at 5; Dkt. 9 at 2–3. Even accepting Respondents' account, the Court sees no reason this encounter suggests Petitioner is a flight risk, and Respondents have not argued as such.

In sum, the record provides no basis in law or fact to support the immigration judge's decision. Respondents presents no potential basis for the decision and do not contest Petitioner's factual allegations or arguments. "[T]he Court is left without information concerning whether . . . the immigration judge considered the relevant (or indeed any) factors" in reaching the decision. *Escalante Perez v. Hernandez*, No. C26-0956 TSZ, 2026 WL 1004559, at *3 (W.D. Wash. Apr. 14, 2026). The flight-risk finding constitutes an abuse of discretion.

**III. Remedy**

Because the bond hearing was legally and constitutionally inadequate, and the Court finds no adequate basis for his continued detention, the "typical remedy" of release is appropriate. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (finding "[h]abeas is at its core a remedy for unlawful executive detention" and the "typical remedy for such detention is, of course, release."); *Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *12

(C.D. Cal. Mar. 5, 2026) (ordering immediate release after finding abuse of discretion in bond denial).

## CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.

2. Respondents shall **RELEASE** Petitioner from custody within 24 hours of the filing of this order and return his personal property.

3. Respondents shall **CERTIFY** Petitioner has been released within 48 hours of the filing of this order.

4. Petitioner may move for attorney fees and costs within the time required by the Equal Access to Justice Act.

DATED this 16th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge